**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**MATTHEW E. ORSO IN HIS
CAPACITY AS COURT-APPOINTED
SUCCESSOR RECEIVER FOR REX
VENTURE GROUP, LLC d/b/a
ZEEKREWARDS.COM,**

      **Plaintiff,**                    **Case No. 8:21-mc-145-MSS-AAS**

**v.**

**JUAN D. TORRES,**

      **Defendant.**

_____/

## ORDER

Nationwide Judgment Recovery, Inc. (NJR), as Assignee of Matthew Orso, as Successor Trustee to Kenneth D. Bell, in his Capacity as Court-Appointed Receiver for Rex Venture Group, LLC, moves for substitution of party plaintiff. (Doc. 14). Defendant Juan D. Torres did not respond, and the time has expired. *See* Local Rule 3.01(c), M.D. Fla.[1]

Federal Rule of Civil Procedure 25 states that, "[i]f an interest is

---

[1] Because the defendant failed to timely respond to NJR's motion, the court may treat the motion as unopposed. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond [to a motion], the motion is subject to treatment as unopposed.").

transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Fed. R. Civ. P. 25(c). It is well-settled that substitution is committed to the discretion of the court. "Substitution under Rule 25(c) is purely a matter of convenience, and regardless of whether substitution is ordered, the respective substantive rights of the transferor or the transferee are not affected." *Barker v. Jackson Nat. Life Ins. Co.*, 163 F.R.D. 364, 365 (N.D. Fla. 1995). Under Rule 25(c), substitution is only procedural and does not impact the parties' substantive rights. *See id.*

In a similar case in this District, the court agreed that "this miscellaneous matter and the issuance of the writs of garnishment are a continuation of the original litigation that produced the judgment. Thus, under Rule 25(c), the litigation may be continued by NJR (the party in interest) and against [Defendant] (the original party)." *Bell v. Woods*, No. 5:20-mc-10-JSM-PRL, 2022 WL 428440, at *3 (M.D. Fla. Jan. 7, 2022), *see also Orso v. Pateau*, No. 6:21-mc-80-CEM-EJK (M.D. Fla. June 21, 2022); *Orso v. Nagabina*, No. 8:21-mc-131-KKM-JSS (M.D. Fla. June 15, 2022); *Orso v. Lewis*, No. 6:21-mc-104-RBD-GJK (M.D. Fla April 7, 2022); *Bell v. Zhang*, No. 6:21-mc-00017-WWB-DCI (M.D. Fla. August 10 2022); *Orso v. Moreno*, No. 8:21-mc-00025-

2

MSS-AEP (M.D. Fla. September 7, 2022); *Orso v. Morrow*, No. 8:21-mc-00070-TPB-JSS (M.D. Fla. September 7, 2022); *Orso v. Germain*, No. 6:21-mc-00084-PGB-DCI (M.D. Fla. September 15, 2022); *Orso v. Nature*, 3:21-mc-26-MMH-MCR (M.D. Fla. October 5, 2022). A review of the evidence NJR submitted (Doc. 14-1) also supports the conclusion that NJR, is the party in interest as the assignee of the subject judgment.

Accordingly, NJR's Motion for Substitution of Plaintiff (Doc. 14) is **GRANTED.** The Clerk of Court is **DIRECTED** to amend the case caption to substitute Nationwide Judgment Recovery, Inc., as the named plaintiff in this action.

**ORDERED** in Tampa, Florida on November 16, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

3